May it please the court, counsel for the government. My name is Dennis Belli, I represent Stephen Cook who appeals his 30 year prison sentence following a guilty plea to conspiracy to distribute marijuana. I would like to reserve two minutes of rebuttal time. The matter is before the court on both the issues on the merits as well as the government's motion to dismiss the appeal seeking enforcement of an appeal waiver in the plea agreement. And our response to that is twofold. Number one, that the government breached the plea agreement and under the Swanberg case that would relieve the defendant of his appeal waiver. And also under Carruthers that there was a miscarriage of justice in this case and that's another basis for avoiding an appeal waiver. Now with respect to the breach of the plea agreement, Mr. Cook submits that the government breached the agreement by not recommending a reduction for acceptance of responsibility. The plea agreement required Mr. Cook to admit the facts stated in the indictment, specifically the conspiracy to distribute marijuana charge and not engage in any new crimes. The breach of the plea agreement issue really turns, is very closely connected to the district court's findings with respect to your client's credibility, correct? You are absolutely correct. Because if those findings are upheld, the government didn't do anything other than exactly what it was entitled to under the plea agreement, which is not continue in its argument for acceptance of responsibility if the defendant, I don't have the exact language in front of me, failed to acknowledge guilt in open court to the facts. And so am I not right about how to assess that argument? In other words, if the defendant did in fact lie or there's a basis to determine that he in fact lied, then the government did nothing to breach the plea agreement. I don't think it's that simple. Why is it not that simple? Because the plea agreement... And the court did conclude that he did not acknowledge his guilt fully in open court, then what did the government do wrong? It seems its conduct would fall within exactly what it was permitted to do under the express terms of the plea agreement. The plea agreement required Mr. Cook to admit the facts in the indictment. The indictment did not charge him with an aggravating role. He admitted that he participated in the distribution of marijuana. So he was fully accepting responsibility for that, and under the Griffin case that we've cited in the brief, simply because he decides to... So under your theory of the meaning to be attached to the plea agreement, as long as he admitted to the bare bones of what was said in the indictment, he could then continue to say whatever he wanted to, no matter how untruthful as to any other aspects of his involvement? Is that the position? No, I'm not saying that, but the fact that there is a credibility dispute between Mr. Cook and another witness in the case, I don't think is a basis for that. Well, I mean, if he lied under oath, and he testified, if he lied under oath, that would also constitute another criminal offense, correct? Well, the judge found that he committed perjury because his testimony... And that would be another criminal offense? No. I mean, we don't think that... I mean, if that was the case... Then why did perjury stop being a criminal offense? Well, it is a criminal offense. And that goes into the other part of our miscarriage of justice, breach of the plea agreement, and that has to do with the role of Ethel Foster. That's Mr. Cook's... Before you move on, I mean, let's just talk about the terms of the plea agreement, and I think the characterization is a little inaccurate. I mean, the agreement says, providing that Cook commits no new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts set out in the indictment. So, he not only has to testify truthfully as to the facts set out in the indictment, which is what you admit, but he also has agreed to continue to demonstrate an affirmative acceptance of responsibility. And I think that goes to this leadership role that he did dispute when he testified. And why doesn't it breach that part of the plea agreement? Because the acceptance of responsibility requires him to admit his guilt of distributing marijuana. No, acceptance of responsibility is his role in the enterprise. Whether all of it is pled in the indictment or not, the facts of the crime are his acceptance of responsibility, and what was disputed here is whether he was a leader or just a passive participant, and that's what he contested, and that's what the government said was not truthful. Well, that's acceptance of responsibility of his entire role, isn't it? Is it not? Well, he was contesting the legal conclusions to be reached by the essential facts regarding his role in the offense. Yeah, well, he was contesting his role in the offense. He said, no, I wasn't a leader. I was just one of many, I think. True. And the government said, no, he's lying about that, and the judge found that he was. So that's not accepting all the facts of the crime. But why did the judge find that he was lying, and that goes back to this... Because he was a leader. No, I mean, that's a legal conclusion. Well, it's based on the facts, yeah. It's based on the facts, and he's saying in U.S. v. Vandenberg, this case reversed an aggravating role adjustment where the defendant said, look, I was a partner with another guy. The other guy contributed such and such to this, I think it was a burglary, and I provided certain information that I knew about the victim, and the government took the position, and the district court agreed, that because the defendant provided essential information for the offense, that he was guilty of an aggravating role, and this court reversed as a matter of law and said, no, that doesn't make him a leader of his partner. And in this case, Mr. Cook's position was that he was in essentially a partnership with another truck driver, different truck drivers at different times. He was providing certain information that he knew based on his familiarity with the trucking industry and also his relationship with this Alessandro down in Texas who was selling the marijuana, and that they were operating in conjunction. I would submit that he's entitled to litigate the legal consequences of those facts, and simply because the judge- He's contesting the facts of the crime, though, and his role in the facts. I mean, it would be different if it was just a legal conclusion. I think I would agree with you, but it's the facts that the government said he's lying about. He's contesting the facts about his involvement in terms of role. He's not falling over and admitting what the PSR said were the facts. Exactly, Your Honor. But your position is that this provision, paragraph 4 in the plea agreement, does not require that he fall over and admit anything that's in the PSR. It says he continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt to the facts as set out in the indictment. But your position is that he's entitled to contest the facts of the PSR as well as the legal conclusions of the PSR. But what if, as the district judge did here, the district judge says, I don't believe you, Cook. I think you're lying. Then can that be still continuing to demonstrate an affirmative acceptance of responsibility if the district judge says in your rendition of the facts, Cook, you are lying? Well, but there's no proof that he was lying, and that- Hypothetically. Hypothetically. Hypothetically, I suppose, because if someone lies and commits perjury, then he gets an obstruction enhancement, and I think the guideline states that that's inconsistent with acceptance of responsibility. So there's a real risk for somebody like Cook here in that if he wants to say my role was just a regular player, not an enhanced leadership role, and if the district judge doesn't believe me when I testify to that in the sentencing hearing, not only will the district judge deny me the benefit of a lower acceptance of responsibility, but that's pretty much not complying with the plea agreement at all. Well, that's inherently unfair. If the acceptance requires that he admit the facts in the indictment, and then in the pre-sentence report an aggravating role adjustment is recommended by the probation officer and the defendant says, look, the basic facts were undisputed, but the legal conclusion that I'm an organizer or leader just doesn't flow from the facts, and I think that's what he was doing, and he shouldn't be penalized for doing that. It's not clear he disputed the facts. He was disputing the facts. Well, that's true, and if you look at the courts- If he didn't dispute the facts, he'd probably be fine. If he just argued legal conclusions, he'd probably be fine, but the problem is he took the stand and testified as to the facts. And what did he testify? He said that my relationship with Ethel Foster was an ordinary buyer-seller relationship. We negotiated a deal, a price, and Ms. Foster gets up on the stand and says, no, no, you know, I offered just to loan him some gas money, and he left us marijuana. I don't know why he left us marijuana in my premises, and there never was a deal. That's what bothered the judge, that there was-he felt that Mr. Cook was lying about that, and in the reply brief we've quoted from her the plea colloquy where Ms. Foster admitted under oath that it was an arm's-length transaction. There were multiple telephone calls, a discussion regarding price, a discussion regarding quantity, and a discussion regarding time of delivery. So he didn't lie. That's the thing. He did not lie. His aunt lied, and that's proven by the transcript of her plea colloquy as well as the testimony of the case agent who said that he monitored the telephone calls and determined that there was ongoing discussions between the two regarding this delivery of marijuana. So Mr. Cook, his rendition matches 100% what the case agent said, what the pre-sentence report said, what Ms. Foster's plea colloquy said, and the judge says, you're lying, I don't believe you, obstruction of justice, deny acceptance of responsibility. How fair is that? And that's our position. I see that my time has expired. Thank you. Thank you. Good morning. May it please the Court, David Pritchard for the United States. I think as Judge Griffin has pointed out, the defense overlooks that portion of the plea agreement where it says that the defendant must continue to demonstrate an affirmative acceptance of responsibility. Does that mean that he has to fall over and play dead with respect to factual inaccuracies in the pre-sentence report? No. And the Court makes the distinction at the outset of the sentencing trying to decide whether this is a factual dispute or a legal dispute. And as it started out, it was a legal dispute. Is this an appropriate four-point enhancement? Did the factors for leadership apply or not? And as the Court ended up deciding, the leadership role enhancement applied. But what he thought was a legal dispute ended up being a factual dispute, and it was a factual dispute where the Court did not credit the testimony of the defendant, Mr. Cook. If he had stood silent, of course, and it had just been a legal objection, this would never have been an issue of acceptance. I'm curious whether there was any other evidence of a leadership role other than the question about leadership vis-à-vis the aunt. Sure, absolutely. The first witness that we called was the case agent, and he testified that he had listened to phone calls intercepted on two wiretaps on the defendant's phones, and that he had also participated in a number of proffers of co-defendants in the case. Based on that information, it was his testimony that the defendant recruited all the truck drivers involved in the organization, and there were a number. And there was actually a conversation about a phone call. We cross-examined Mr. Cook about a phone call where he said to someone else, I have eight truck drivers. So wholly apart from the aunt, the government had ample evidence of a leadership role of Mr. Cook. I think so. I think you could rely just on the case agent's testimony. So then why is this material, the question of whether Cook was lying vis-à-vis the aunt's situation? And the obstruction? Well, the aunt was put on to testify about the fact that she and her husband and other family members were brought into this conspiracy by the defendant. And her testimony was that she and her husband and at least one other family member were brought into the organization by Mr. Cook. And that's one of the factors for the court to consider in deciding whether there's a leadership role is how you involve other people in the conspiracy, whether you have control over them. But you just said that there was ample evidence wholly apart from the involvement of the aunt. Well, that's my opinion. I don't want to rely just on my opinion. When I'm presenting something to the district court that's in dispute, I want to put on enough evidence. You're trying to put on whatever you've got to meet your burden of proving that the leadership role applies. That's right. I don't know what view the judge is going to take of the case agent. I want to put on as much proof as I have available to me to sustain what I believe is the appropriate position for the court to take. So I would think that there is, with regard to the defendant's testimony, as the court held, he was minimizing his role. And minimizing your role is antithetical to the issue of acceptance of responsibility. If his lawyer had argued the point as a matter of law as opposed to having him take the stand, would the government have a responsibility to, would there be a problem for him such that there would be a violation of the plea agreement? Well, if I understand you correctly, there's a distinction to be made between a legal objection and a factual objection. If it had just been a legal objection, then that doesn't really bring acceptance into play, and that was discussed by everybody before we started putting on proof. It's when you get into the facts, and he's basically found to be lying, that you get into an issue of whether there's acceptance or not. So would this continuum be appropriate? Just a legal argument without proof. Pretty clearly, he's not jeopardizing acceptance of responsibility. Putting you to your proof, but not presenting any proof on his own, that gets a little closer but might not still be an issue. It's the putting of proof on his part and lying that causes the problem for him. Yes, that's absolutely correct. If this had just been a legal objection by a defense counsel, acceptance would not have been an issue. Sometimes there's an issue of defendant says one thing to the court during the change of plea, says another thing to the probation officer during the interview with the probation officer, but it really doesn't become an issue at sentencing other than sometimes the conflicting evidence provided in the pre-sentence report might be said to be inconsistent with acceptance of responsibility, and then you'd have to figure out whether that was enough and whether the government wanted to go further or just where we were on that, but that's another possible iteration of this whole continuum we've talked about. Yes, ma'am, I would agree with that. Really, though, all of these issues with denial of acceptance and obstruction came into play because the defendant decided to lie under oath. If he hadn't, really it was to every aspect of his involvement in the case. He denied even at one point being a drug dealer, and the court in its commentary later on noted that. Basically he said, I'm a truck driver, I'm not even a drug dealer, and so the court at the end of the day just felt like it could not credit his testimony, did not find him to be a credible witness. So the government's position obviously is that we did not breach the plea agreement. The defendant, by testifying as he did, did not continue to demonstrate an affirmative acceptance of responsibility, and so the appellate waiver should apply, and that was a part of the plea agreement negotiated by the parties. Judge Mays complied with Rule 11 at the change of plea, went over that specific paragraph, Paragraph 7, in some detail with Mr. Cook. He indicated that he understood what the paragraph meant, that he discussed it with his attorney, and that he was agreeable to entering the plea knowing that was a part of the plea agreement. And so it's our position that it was a knowing and voluntary waiver. Of course, a defendant can waive even constitutional rights as long as it's knowing and voluntary. And so our position is that the appellate waiver should apply because the government did not breach the plea agreement. I'm happy to answer other questions. Other than that, I think that's all I have. Thank you. Judge Moore, regarding your question, whether there was evidence other than the testimony of the ant to prove the role and whether Mr. Cook was lying, we submit no. And the court has to look specifically at the fact-finding methodology here. The case agent testified that he determined Mr. Cook was a leader based upon the cooperating defendant proffers. He never identified who those individuals were. Those proffers were never identified and introduced into evidence. And under this court's decision in United States v. Gibbs, that was not sufficient. And in that case, there was a similar effort. The government called the probation officer to say, yeah, I talked to a bunch of cooperators, and based on that I arrived at a certain drug quantity for these particular defendants. This court reversed, said no, you can't use a probation officer to whitewash the credibility issues involving cooperators. And that was not the government in this case used a case agent for that purpose. Was that objected to? I know you were not the trial lawyer. Was that objected to below no? So we're reviewing for plain error? No, it was not objected, but I think it's still, the court can look at the sufficiency under the preponderance standard in this case and decide whether that methodology was reliable. And the other thing is, the agent said, well, I also listened to all these wiretapped recordings, and these are my conclusions. Well, in United States v. Freeman decided, I believe, just last year, the court reversed a conviction, a jury conviction, because the government called a case agent to give his inferences regarding 20,000-some telephone calls. That's totally different, because in the sentencing context, the hearsay is clearly admissible. So, I mean, it doesn't have anything to, I mean, really the two situations are hardly analogous. No, it's not a hearsay issue. It's the question of whether the court should simply defer to the opinion testimony of a case agent. Well, I mean, the rules of evidence don't apply in a sentencing proceeding. So whether it's what inferences are to be drawn or whether it's the hearsay issue, you know, I don't see that the two have anything to do with each other. It's not a hearsay issue. I'm saying it doesn't matter. It does because the district judge, instead of making his own determination, is deferring to the inferences made by the case agent. And the case agent is not a magistrate judge that is unbiased and is submitting a recommendation or a report to the court. So the court still has to scrutinize the calls. At least the government has to introduce some evidence of what was in these calls and not simply rely on the case agent saying, yeah, I listened to them, the defendant was a leader, and that's the end of the issue. Do you have a case that says that at sentencing, a district judge cannot rely on a case agent's summary of the information? I would say that Gibbs comes the closest. In that case, it was a probation officer that summarized extraneous evidence for the court, and the court, rather than performing its own credibility determinations, deferred to the probation officer. I think it's the same thing when the reliance is placed on the case agent. Thank you. Thank you both for your argument. The case will be submitted.